IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PALMARIS IMAGING, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-77-WDS |
| ) | |
| BELLEVILLE IMAGING, INC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to Amend Answer and Assert Affirmative Defenses (Doc. 64) filed by the defendants, Belleville Imaging, Inc. and Effingham Open MRI, L.L.C., on December 6, 2005. A hearing was held on the motion on January 19, 2006. Lawrence Smith appeared for the plaintiff. Joseph McDonnell appeared for the defendants. After considering the motion for leave, plaintiff's memorandum in opposition, defendants' reply and arguments presented during the hearing, the Court rules as follows:

The discovery deadline in this case was February 4, 2005. The parties agreed during the hearing, that no additional discovery would be required on affirmative defenses one and four. Plaintiff asserted that it would be prejudiced on affirmative defenses two and three if further discovery was not allowed because the discovery cut-off of February 4, 2005 had passed.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice or futility. Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d

921, 925 (7th Cir. 2004).

In addition, Rule 8(c) provides:

> In a pleading to a preceding pleading, a party *shall* set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

(emphasis added).

The result of the mandatory language in Rule 8(c) is "that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived." Castro v. Chicago Housing Authority, 360 F.3d 721, 735 (7th Cir. 2004)  However, "[t]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it . . . ." Carter v. U.S., 333 F.3d 791, 796 (7th Cir. 2003); See also Herremans v. Carrera Designs, Inc., 157 F.3d 1118, (7th Cir. 1998) ("The rule that forfeits an affirmative defense not pleaded in the answer (or by an earlier motion) is, we want to make clear, not to be applied rigidly.").

Defendant advised the Court that Judge Stiehl's Order of August 29, 2005, clarified the previous ruling on the motion for summary judgment.  In the August 29, 2005 Order, Judge Stiehl ruled that plaintiff could assert claims against defendants for breach of paragraphs 6(h) and 9.  The Court does not find that there is undue delay, bad faith, dilatory motive or futility. The Court will address plaintiff's argument of prejudice by reopening discovery and granting the parties 60 days from the date of this Order to conduct discovery limited to the issues raised by the affirmative defenses.  The Court finds that by reopening discovery for the limited purposes

stated *supra* that the plaintiff will not suffer harm.

In light of the foregoing principles, the Motion for Leave to Amend Answer to Assert Affirmative Defenses is **GRANTED**.   The parties are given 60 days from the date of this Order to conduct discovery, limited to the issues raised by the affirmative defenses to paragraphs 6(h) and 9.  The final pre-trial conference is reset until May 15, 2006 at 2 p.m. before Judge Stiehl.  The presumptive trial month is reset until June 2006.                               .


**DATED: January 24, 2006.**

**s/ Donald G. Wilkerson**
**DONALD G. WILKERSON**
**United States Magistrate Judge**
