IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PALMARIS IMAGING, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 04-CV-077-WDS |
| vs. ) | |
| ) | |
| BELLEVILLE IMAGING, INC., and ) | |
| EFFINGHAM OPEN MRI, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for an award of interest following the jury's verdict which awarded damages on plaintiffs claims for quantum meruit in favor of plaintiff and against the defendant Belleville Imaging, Inc in the amount of $36,371.01 and against defendant Effingham Open MRI in the amount of $21,953.75. The plaintiffs seek interest on the awards in the amount of 18% based, in part on the trial testimony of Pat Barron that this is the customary and usual rate charged in the locality on contracts. The defendants assert that interest should not be awarded in this case based, in part, on the Court's finding that plaintiff had breached its obligation under the written contract, and therefore, any damages under the contract were not liquidated and prejudgment interest should not be allowed.

## DISCUSSION

The Court held, pre-trial that the plaintiff had breached the contract, and therefore could only proceed on its claims for quantum meruit. Therefore, the Court **REJECTS** plaintiff's motion that seeks interest on the jury award in the amount of 18%. Plaintiff moves, in the alternative for statutory interest pursuant to Mo. Rev. Stat. §408.020 in the amount of 9% on

liquidated claims.

  **A.**  **Liquidated Damages**

  Under Missouri law, statutory interest is permitted on liquidated claims, but "[p]rejudgment interest can be based only on either statute or contract." *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 396 (Mo. Ct. App. 1998) (*quoted in Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194, 202-03 (Mo. Ct. App. 2007)). A claim is liquidated if it is "readily acertainable and a demand for payment, definite as to both time and amount, has been made on the debtor party." *Children Int'l*, 215 S.W.3d at 203, *quoting Nusbaum v. City of Kansas City*, 100 S.W.3d 101, 109 (Mo. 2003); *see also Jerry Bennett Masonry v. Crossland Const. Co.*, 171 S.W.3d 81, 90 (Mo. Ct. App. 2005). "Awards of prejudgment interest are not discretionary; if the statute applies, the court must award prejudgment interest." 215 S.W.3d at 203, *citing Holtmeier v. Dayani*, 862 S.W.2d 391, 407 (Mo. Ct. App. 1993). The statue provides, "Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, on written contracts, and on accounts after they become due and demand for payment is made . . ." Mo. Rev. Stat. § 408.020.

  Defendants assert that the claims were not readily determinable because they were not determined until the jury returned its verdict, and the verdicts were approximately 1/3rd less than the plaintiff had sought. Defendants claim that the amounts due to plaintiff were seriously contested, and therefore, not readily ascertainable. Under Missouri law "'[r]eadily ascertainable' is an objective standard." 215 S.W.3d at 203.[1] In this case, the Court **FINDS** that the amount sought by the plaintiff, although reduced by the jury, against each defendant was based on

---

[1] In *Children Int'l* the court held that because the damages due were not just the billed amount, but rather the "billed amount less cost saved" they did not amount to a readily ascertainable amount. 215 S.W.3d at 203-04.

specific amounts billed for services rendered by plaintiff.  Therefore, the Court **FINDS** that the amounts were "readily ascertainable" under Missouri law.

Therefore, the Court **AWARDS** interest to the plaintiff, Palmaris Imaging, L.L.C., in the amount of 9% on the jury verdicts, for a total interest due on the verdict against Belleville Imaging, Inc. of $3,279.39 for a total amount due to plaintiff of $39,650.40.  The Court **AWARDS** interest to the plaintiff, Palmaris Imaging, L.L.C. against the defendant, Effingham Open M.R.I, in the amount of $1,975.84, for a total amount due to plaintiff of $23,929.59.

The Clerk of the Court is directed to enter judgment accordingly.

**IS SO ORDERED.**

**DATED:   September 25, 2007.**


                                                            **s/ WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**